IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW N.P. JONES,                     :
                                        :
              Plaintiff,                :
                                        :
       v.                               : Civil Action No. 18-1383-RGA
                                        :
U.S. SENATOR TOM CARPER,                :
                                        :
              Defendant.                :

Matthew N.P. Jones, Greenwood, Delaware.   Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 11, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones appears *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this action on September 5, 2018. (D.I. 2). Jones asserts jurisdiction by reason of a federal question and the United States government as a defendant. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff has named U.S. Senator Tom Carper as the sole defendant. In the Complaint, Jones provides his biography beginning at birth. Many of the allegations are similar to those found in other cases filed by Plaintiff, including Civ. No. 17-1837-RGA and Civ. No. 18-1380-RGA. Plaintiff alleges rapes, beatings and abuse, and that Senator Carper did nothing about them.

The allegations directed towards Defendant are raised pursuant to federal criminal statute, 18 U.S.C. § 3, as an accessory after the fact. (D.I. 2 at 9). Plaintiff alleges that he met Defendant during Dover Days in the 1990's. Plaintiff told Defendant he was a rape victim and needed immediate assistance. Plaintiff met Defendant again when Defendant was a guest at Plaintiff's school. Plaintiff has also written Defendant letters, visited his offices in Georgetown and Dover, Delaware, and contacted him on Facebook. Finally, Plaintiff alleges that Defendant is responsible for the spread of poison water in Delaware. He seeks ten billion dollars in damages.

## RECUSAL

Plaintiff moves for my recusal under 28 U.S.C. § 455(a). (D.I. 5). He claims that I have been abusive in denying him *in forma pauperis* status and refusing to issue

U.S. Marshal service of summons and complaint in cases where he was granted *in forma pauperis* status. Jones contends that I set and hold him to deadlines, but do not hold his opponents to any deadlines, including deadlines of default judgment. He contends that even after evidence has been provided, I have taken no action on his behalf. Thus, Plaintiff contends that he remains kidnapped, raped, and poisoned under a false identity, all in violation of his First, Second, Eighth, and Thirteenth Amendment rights.

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

It is evident that Plaintiff takes exception to my prior rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by me. Nor do my rulings

demonstrate the Court acting in such manner when ruling in the cases wherein Jones is a party. After careful and deliberate consideration, the undersigned concludes that the Court has no actual bias or prejudice towards Jones and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455. Therefore, I will deny the motion.

**DISCUSSION**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

3

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d

4

Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

Deciding whether a claim is plausible will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

The allegations in the complaint are legally and factually frivolous. As pled,

there is no legal basis for Plaintiff's claim against Defendant for multiple reasons.

Simply put, Plaintiff states no claim against Defendant. Plaintiff alleges specific

interactions with Senator Carper in the 1990's and the early 2000's. Other than that,

he alleges contacts with Senator Carper's offices. Alleging that he received no response

from the Senator's offices does not state a claim.

To the extent the claims are raised, based on the personal interactions, pursuant

to 42 U.S.C. § 1983 or as a *Bivens* claims for violations of Plaintiff's constitutional rights,

they are time-barred. For purposes of the statute of limitations, § 1983 and *Bivens*

claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S.

261, 275 (1983); *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080,

1087 (3d Cir. 1988). In Delaware, such claims are subject to a two-year limitations

period. *See* 10 Del. C. § 8119. The last date mentioned with regard to acts by

Defendant is the 1990's, and, by inference, the early 2000's. Plaintiff commenced this

action in 2018. It is clear from the face of the complaint that the personal interaction

claims are time-barred.

In addition, to the extent the Complaint relies upon federal criminal statutes to

impose criminal liability upon Defendant pursuant to the criminal statutes upon which

Plaintiff relies, he lacks standing to proceed. *See Allen v. Administrative Office of*

*Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v.*

*Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Finally, after thoroughly reviewing the Complaint and applicable law, the Court draws on its judicial experience and common sense and finds that the claims are frivolous. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile. Claiming that an elected legislator did not respond to constituent complaints cannot be the basis for a federal civil rights complaint.

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to change judge (D.I. 5); and (2) dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.